United States District Court

For the Northern District of California

1
2
3                    UNITED STATES DISTRICT COURT
4                   NORTHERN DISTRICT OF CALIFORNIA
5                           OAKLAND DIVISION
6
7   MARIO H. ESTRADA,
8              Plaintiff,                    No. C 09-2330 PJH (PR)
9        vs.                                 **ORDER DISMISSING ONE
                                             CLAIM AND GRANTING
10  Correctional Officer J. R. McBRIDE, IGI; PLAINTIFF'S MOTION FOR
    Sergeant D. HIGGERSON, IGI;              AN EXTENSION OF TIME**
11  Lieutenant J. A. McKINNEY, IGI;
    ROBERT A. HOREL, Warden; R. S.
12  MARQUEZ; KERI BERKLER; and
    SCOTT SKISSEL,
13
14             Defendants.
                                          /
15
16       This is a pro se civil rights action filed by a prisoner at Pelican Bay State Prison.  He
17  has been granted in forma pauperis status.  Defendants have moved for summary
18  judgment and plaintiff has requested an extension of time to oppose the motion.
19                              **DISCUSSION**
20       For unknown reasons, plaintiff's motion for an extension of time to oppose the
21  motion for summary judgment did not make it to the docket and did not come to the court's
22  attention.  The clerk has been instructed to file it.
23       Plaintiff says in his motion that his complaint was written for him by a jailhouse
24  lawyer who subsequently was moved out of his unit, that he is ignorant of the law and
25  unable to conduct legal research, that he mistakenly thought that the court would send him
26  a separate order setting a deadline for opposing the motion, and that he has only recently
27  found a new jailhouse lawyer.  Although the court's initial order in fact did provide a
28  deadline for filing an opposition if a dispositive motion were filed, in view of plaintiff's  pro se

United States District Court

For the Northern District of California

status the motion will be granted.

Plaintiff alleged in the complaint that the defendants had various roles in validating him as a member of a prison gang, which resulted in his being placed indefinitely in the Security Housing Unit at Pelican Bay.  He asserted that (1) the evidence was not sufficient to support the validation; (2) defendant Marquez was an investigator on a previous attempt to validate him and also one of three decision makers in the most recent validation; and (3) that he was validated in retaliation for having "beaten" the earlier attempt to validate him by Marquez.

As to plaintiff's contention that his rights were violated by Marquez's being on the panel, the only applicable federal constitutional rights in this context are to (1) notice; (2) an informal hearing; (3) an opportunity to be heard; and (4) "some evidence" in support of the decision.  *See Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (noting "some evidence" requirement and that any one of three pieces of evidence -- a sheriff's department report that prisoner was a gang member, a probation report that prisoner's codefendant was a gang member, and a statement from a prison informant -- would constitute "some evidence"); *Toussaint v. McCarthy*, 801 F.2d 1080, 1091-92 (9th Cir. 1986) (due process requirements for segregation are (1) an informal nonadversary hearing; (2) notice to the prisoner of the reasons segregation is being considered; and (3) an opportunity for the prisoner to present his views).  There is no right not have someone with prior knowledge on the panel, so Marquez's presence on it did not violate plaintiff's rights.  Claim two will be dismissed, and because the deficiency is a legal one -- the absence of a relevant constitutional right -- the dismissal will be without leave to amend.  *See* 28 U.S.C. § 1915(e)(2)((B)(ii) (court may dismiss in forma pauperis case "at any time" if it "fails to state a claim . . ."); *Janicki Logging Co. v. Mateer*, 42 F.3d 561, 566 (9th Cir. 1994) (listing proper grounds for denying leave to amend, including futility).

As to the two remaining claims, the only question is whether plaintiff has facts that would support them.  For the "some evidence" claim, the constitutional issue is different from the department of correction's regulatory requirement of three items of

evidence; for constitutional purposes, any one of the three items relied upon to validate plaintiff would suffice as "some evidence." *See Bruce*, 351 F.3d 1283, 1287-88. Plaintiff thus must provide the court with facts that show that none of the three items of evidence actually were before the decision-maker, or that none of them logically tended to show that he was a gang associate. For the retaliation claim, plaintiff must provide the court with facts that would show that the reason for the segregation was retaliation for his exercise of some constitutional right, rather than even in part because he was deemed to be a gang associate. *See Pratt v. Rowland*, 63 F.3d 802, 806 (9th Cir. 1993) (prisoner plaintiff has the burden of proving absence of legitimate correctional goals for the conduct of which he complains).

Neither of these two tasks requires legal knowledge or research. If plaintiff has the facts described above, he can supply them in the form of a declaration, a statement setting out the facts from personal knowledge and signed under penalty of perjury. Plaintiff either has these facts or he does not, and he has had many months since the motion for summary judgment was filed to obtain them. In fact, in his motion he asks for only "sixty days from today," and the motion is dated January 8, 2011. The extension therefore will be short.

## CONCLUSION

1. Plaintiff's second claim, that Marquez was involved in the most recent validation, is **DISMISSED**.

2. Plaintiff's motion for an extension of time to oppose the motion for summary judgment is **GRANTED**. The time to oppose the motion is **EXTENDED** to March 14, 2011. **No further extensions will be granted.**

3. If an opposition is filed, defendants may file a reply by March 25, 2011.

**IT IS SO ORDERED.**

Dated: February 25, 2011.

PHYLLIS J. HAMILTON
United States District Judge

P:\PRO-SE\PJH\CR.09\ESTRADA2330.MSJ-EXT.wpd

3