UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

MARIO H. ESTRADA,

    Plaintiff,

vs.

Correctional Officer J. R. McBRIDE, IGI;
Sergeant D. HIGGERSON, IGI;
Lieutenant J. A. McKINNEY, IGI;
ROBERT A. HOREL, Warden; R. S.
MARQUEZ; KERI BERKLER; and
SCOTT SKISSEL,

    Defendants.
_____ /

No. C 09-2330 PJH (PR)

**ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFF'S MOTIONS**

This is a pro se civil rights action filed by a prisoner at Pelican Bay State Prison. Defendants have filed a motion for summary judgment. Plaintiff has opposed it and filed a cross-motion for summary judgment. Plaintiff has also filed a motion to alter or amend an earlier order. For the reasons discussed below, plaintiff's motions will be denied and defendants' motion will be granted.

**DISCUSSION**

**I.**    **Plaintiff's Motion to Alter or Amend**

In an order entered on February 25, 2011, the court granted plaintiff's motion for an extension of time to oppose the motion for summary judgment and dismissed the second of his three claims for failure to state a claim. He has filed what he calls a "Motion to Alter or Amend Judgment . . ." under Rule 59(e) of the Federal Rules of Civil Procedure. No judgment has been entered, so a Rule 59(e) motion is not appropriate. The motion will be treated as a motion for leave to file a motion to reconsider the ruling.

The local rules of this court require that a litigant obtain leave of court before filing a motion to reconsider. *See* Civil L.R. 7-9(a). Under Local Rule 7-9(b), a party seeking leave to file a motion to reconsider must specifically show: (1) that at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the court before entry of the interlocutory order for which the reconsideration is sought, and that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) the emergence of new material facts or a change of law occurring after the time of such order; or (3) a manifest failure by the court to consider material facts which were presented to the court before such interlocutory order. *See* Civil L.R. 7-9(b).

In 2004, defendant Marquez was an Institutional Gang Investigator ("IGI") at Pelican Bay State Prison. In that capacity he investigated a correctional officer's report that the officer had found in plaintiff's possession "micro-writing" such as is used by the Mexican Mafia prison gang. Marquez concluded that plaintiff should not be validated as a member of the gang because there was only one item of evidence, not the three department regulations require. Decl. Barneburg at ¶ 5. In 2007, a different IGI, defendant McKinney, investigated plaintiff again and found three items of evidence linking plaintiff to the Mexican Mafia. *Id.* at ¶¶ 9-10. By 2007, Marquez had transferred to the Office of Correctional Safety in Sacramento, where he sat on a committee that accepted McKinney's validation. *Id.* at ¶ 11. The claim that was dismissed was plaintiff's contention his due process rights were violated when defendant Marquez both investigated one of the items of evidence and subsequently sat on the Sacramento committee.

Plaintiff contends that the court erred in dismissing the claim. That is not one of the grounds for reconsideration listed in Rule 7-9(b). The motion is without merit for that reason, but also because plaintiff is wrong that it violated due process for Marquez to sit on the Sacramento committee that accepted the current gang investigator's decision validating plaintiff. *See Madrid v. Gomez*, 889 F.Supp. 1146, 1276 (N.D. Cal. 1995) (determining that critical decionmaker to whom inmate must be allowed to present his or her views is the

investigator (IGI); role of Sacramento committee is "substantively nominal").  The motion will be denied.

## II. Defendants' Motion for summary judgment

### A. Standard of Review

Summary judgment is proper where the pleadings, discovery and affidavits show that there is "no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(c).  Material facts are those which may affect the outcome of the case.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute as to a material fact is genuine if there is sufficient evidence for a reasonable jury to return a verdict for the nonmoving party.

The moving party for summary judgment bears the initial burden of identifying those portions of the pleadings, discovery and affidavits which demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v. Cattrett*, 477 U.S. 317, 323 (1986); *Nissan Fire & Marine Ins. Co. v. Fritz Cos.*, 210 F.3d 1099, 1102 (9th Cir. 2000).  When the moving party has met this burden of production, the nonmoving party must go beyond the pleadings and, by its own affidavits or discovery, set forth specific facts showing that there is a genuine issue for trial.  If the nonmoving party fails to produce enough evidence to show a genuine issue of material fact, the moving party wins.  *Id.*

### B. Analysis

Plaintiff alleged in the complaint that the defendants had various roles in validating him as a member of a prison gang, which resulted in his being placed indefinitely in the Security Housing Unit ("SHU") at Pelican Bay.  The two remaining issues in the case are plaintiff's contentions that (1) the evidence was not sufficient to support the validation; and (2) that he was validated in retaliation for having "beaten" the earlier attempt to validate him by defendant Marquez.

#### 1. Sufficiency of the Evidence

Defendants assume for purposes of their motion that plaintiff has a liberty interest in remaining in general population rather than being segregated in the SHU, a liberty interest

3

he cannot be deprived of without being afforded some due process protections. *See Wilkinson v. Austin*, 545 U.S. 209, 221 (2005) (prisoners cannot be deprived of liberty interest without due process). One of the due process protections applicable to decisions to impose administrative segregation, the type of segregation at issue here, is that there be "some evidence" to support the decision. *Bruce v. Ylst*, 351 F.3d 1283, 1287-88 (9th Cir. 2003) (SHU segregation case). In considering that question, the court does not "examine the entire record, independently assess witness credibility, or reweigh the evidence." *Id.* at 1287. The relevant question is whether there is *any* evidence in the record that could support the conclusion. *Id.* Although the department's regulations require three pieces of evidence to validate an inmate, the Constitution does not; due process requires only "some evidence," and that evidence requirement is satisfied if the decision is supported by even one reliable piece of evidence. *Id.* at 1288.

It is undisputed that the three pieces of evidence upon which the validation was based were (1) small pieces of paper found in plaintiff's possession containing Mexican Mafia "micro-writing"; (2) a cup found among plaintiff's property that had a hand-drawn Mexican Mafia gang symbol on it; and (3) his address book containing the name and prisoner number of a validated Mexican Mafia member. Decl. Barnburg at 3-5.

Plaintiff argues that item one is not sufficient because defendant Marquez, who then was the IGI, concluded that it alone was not enough to validate plaintiff. Opp'n at 16. That argument conflates the department's regulatory requirement of three items of evidence with the federal constitutional "some evidence" requirement, which as noted above, is satisfied if there is at least one item of evidence from which the conclusion – here, that plaintiff was a gang member – could rationally be derived. *See Bruce*, 351 F.3d at 1228. Item one thus is enough in itself to satisfy the constitutional "some evidence" requirement.

As to the other two items, plaintiff contends that item two, the cup, was not his property, and must have been planted. Decl. Estrada at 5. Defendants' argument on that point is that prisoners generally respect each others property, so finding the cup in plaintiff's property had evidentiary value. Decl. Barnburg at ¶ 7b. And plaintiff contends that item

4

three, the address book entry, can be explained because he was for a time the cellmate of the validated inmate. Decl. Estrada at 5. In making these arguments, plaintiff is in essence asking the court to weigh the evidence, something that *Hill* clearly says it may not do. *See Hill*, 472 U.S. at 455. Each of these last two items might not be particularly convincing standing alone, but that is not the question; the question is whether the three items of evidence were sufficient to show that the decision to validate plaintiff was not arbitrary, and the answer clearly is "yes." There was no due process violation.

### 2. Retaliation

Plaintiff's other claim is that the gang validation and the consequent SHU term were imposed in retaliation for his having exercised his right of access to the courts and to the grievance system to defeat defendants' previous attempts to segregate him. Plaintiff has provided no evidentiary facts whatever that would tend to show that defendants' motive was retaliation. He thus has not shown the existence of a genuine issue of material fact on this claim. *See Rhodes v. Robinson*, 408 F.3d 559, 567-68 (9th Cir. 2005) (elements of retaliation claim include causation); *Thornton v. City of St. Helens*, 425 F.3d 1158, 1167 (9th Cir. 2005) (in equal protection case, conclusory statement of bias not sufficient to carry nomoving party's burden); *Rodriguez v. Airborne Express*, 265 F.3d 890, 902 (9th Cir. 2001) ("self-serving affidavits are cognizable to establish a genuine issue of material fact so long as they state facts based on personal knowledge and are not too conclusory.").

### CONCLUSION

1. Plaintiff's motion to alter or amend (document number 23 on the docket) is **DENIED**.

2. Defendants' motion for summary judgment (document number 14 on the docket) is **GRANTED**, and plaintiff's cross-motion (document 25) is **DENIED**.

3. Because defendants' motion for summary judgment has been granted, their motion for an extension of time to file a reply (document number 27) is **DENIED** as moot.

//
//

5

4. The clerk shall close the file.

**IT IS SO ORDERED.**

Dated: March 28, 2011.

                                    PHYLLIS J. HAMILTON
                                    United States District Judge

P:\PRO-SE\PJH\CR.09\ESTRADA2330.MSJ.wpd